IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| | | |
|---|---|---|
| JOSHUA D. WILLIAMS, | ) | CASE NO.3:20cv2187 |
| | ) | |
| Plaintiff, | ) | JUDGEDAVID A. RUIZ |
| | ) | United States District Judge |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| WARDEN KEITH FOLEY, | ) | |
| | ) | REPORT & RECOMMENDATION |
| Defendant, | ) | |

**Introduction**

Before me[1] is Joshua Williams' action under 28 U.S.C. §2254 for federal habeas relief. Williams is incarcerated by the State of Ohio at the Grafton Correctional Institution in Grafton, Ohio[2] where he is serving an aggregate sentence of 84 months (7 years) imprisonment imposed on June 14, 2019 by the Seneca County Common Pleas Court after Williams was found guilty at a bench trial of six drug-related charges.[3][4]The State has filed a return of the writ,[5] together with the state court record, as supplemented.[6] Williams filed a traverse.[7] Also pending are motions by

---

[1] The matter was referred to me under Local Rule 72.2 by United States District Judge Dan Aaron Polster in a non-document order entered on October 2, 2020. The matter was subsequently re-assigned to District Judge David A. Ruiz pursuant to General Order 2022-03 in a non-document order entered on February 22, 2022.
[2] See, www.drc.ohio.gov/offendersearch
[3] ECF No. 9, Attachment at 5.
[4] ECF No. 1.
[5] ECF No. 9.
[6] ECF No. 10.
[7] ECF No. 14.

Williams to supplement his traverse[8] and to dismiss and/or object[9] to the State's supplement to its return of the writ.[10] The State has opposed Williams' motion to supplement,[11] to which Williams has replied.[12]

For the reasons stated, I will first recommend that the underlying petition be dismissed in part as procedurally defaulted and/or non-cognizable and denied in part as the relevant decision of the state appeals court was not contrary to clearly established federal law. I will further recommend that the pending motions be denied.

## Facts

Underlying facts, trial court and sentencing

The underlying facts[13] and the relevant history at the trial court are found over three separate cases.

### Case No. 17 CR 0033

In the earliest case, [the February 2017 case] Williams was indicted in Seneca County, Ohio on one count of trafficking in cocaine, pleaded not guilty and then pled guilty pursuant to a plea agreement.[14] As part of that agreement, Williams agreed to three years of community control, as well as 90 days in jail.[15] Further, the sentencing order provided that if the terms of community

---

[8] ECF No. 18. Williams has submitted the proposed supplement as ECF No. 24. Williams' sentence was ordered served consecutively to sentences imposed for prior drug convictions and violations of community control. *Id*. at 2-4.

[9] ECF No. 22.

[10] ECF No. 20. The State's supplement to the return is ECF No. 17 and brief in support is ECF No. 19.

[11] ECF No. 21.

[12] ECF No. 23.

[13] The facts here are taken from the relevant state court opinion on appeal. As such, they are here presumed correct. 28 U.S.C. § 2254(e)(1).

[14] ECF No. 9, Attachment (state court record) at 145-153 (opinion in consolidated appeal).

[15] *Id*.

control in this case were violated, Williams would receive an additional term of 12 months incarceration, to be served consecutively to a 24 month prison term that would result from a violation of community control in the second case [the February 2018 case].[16]

In April 2018, the State filed a motion to suspend supervision of Williams because he had absconded from supervision.[17]Williams was apprehended and supervision was reinstated but then in August 2018 the State again filed a notification of community control violation because Williams sold cocaine to confidential informant on four separate occasions.[18] At a June 2019 revocation hearing, Williams admitted he violate the terms of his community control and the judge ordered him to begin serving the sentence for such violation.[19]Williams filed a timely appeal.[20]

*Case No. 18 CR 0021*

In the second case [the February 2018 case], Williams, who waived indictment, was charged with two counts of trafficking in cocaine, once in 2016 and once in 2017.[21]Again, as part of plea agreement, Williams was sentenced to a prison term plus a period of community control.[22]Also as stated above, after Williams was found to have violated the terms of his community control by selling cocaine to a confidential informant, he admitted the violation and was ordered to serve the additional prison time mandated by the plea agreement and the original sentencing order.[23]As with the prior case, Williams filed a timely notice of appeal.[24]

---

[16] *Id*.
[17] *Id*.
[18] *Id*.
[19] *Id*.
[20] *Id*.
[21] *Id*.
[22] *Id*.
[23] *Id*.
[24] *Id*.

*Case No. 18 CR 0178*

The third related case [the August 2018 case] involves an August indictment of Williams on four counts of trafficking cocaine, one count of possessing cocaine and one count of possessing criminal tools, all offenses alleged to have occurred in May and June of 2018.[25] After numerous motions and delays, including attempts to reach a plea deal, a request for a continuance  and the withdrawal of defense counsel, who was then replaced, the matter proceeded to a bench trial where Williams offered no evidence.[26]

He was found guilty on all counts and, at a sentencing hearing conducted on June 14, 2019, Williams was sentenced to an aggregate term of 84 months in prison for his conviction in this case, with this sentence to be served consecutively to the sentence imposed in the prior cases.[27] In imposing that sentence, the trial judge found that consecutive sentences were warranted by the seriousness of the offenses, the danger Williams posed to the community and the fact that Williams was under community control when the offenses were committed.[28]

As the Ohio appellate court itself noted, Williams then, through new counsel, "timely filed" a notice of appeal.[29] The appeals court then consolidated all three cases.[30]

Direct appeal

*Ohio appeals court*

---

[25] *Id*.
[26] *Id*.
[27] Id.
[28] *Id*.
[29] *Id*. at 0153.
[30] Id.

In his merit brief,[31] Williams raised two assignments of error:

1.     The trial court erred in failing to grant Defendant's request for a continuance.

2.     Consecutive sentences were disproportionate to the seriousness of the offense.[32]

The State filed a brief in opposition[33] and, on December 23, 2019, the Ohio appeals court overruled both assignments of error, affirming the judgment of the trial court.[34]

*Supreme Court of Ohio*

Williams failed to file a timely appeal to the Supreme Court of Ohio. On March 9, 2020, Williams, *pro se*, filed a notice of appeal[35] as well as a motion for leave to file a delayed appeal,[36] which motion was then granted.[37]

In his memorandum in support of jurisdiction, Williams raised the following five propositions of law:

1.     Appellant's convictions for at least two of the drug trafficking in cocaine [convictions] was not proven beyond a reasonable doubt.

2.     Appellant's conviction for drug trafficking in cocaine was against the manifest weight of the evidence concerning the [confidential informant's] credibility to testify truthfully.

---

[31] *Id*. at 116.
[32] *Id*. at 119.
[33] *Id*. at 134.
[34] *Id*. at 145.
[35] *Id*. at 162.
[36] *Id*. at 180.
[37] *Id*. at 201.

3.     Appellant's sentencing is contrary to law and contrary to the actual sentencing transcripts.

4.     Trial court abused its discretion by allowing the state's exhibit number one be admitted into evidence when Appellant objected to it and the state agreed that it will [*sic*] not allow state's exhibit no. 1 to be admitted.

5.     Appellant's motion to dismiss for speedy trial violation pursuant to R.C. 2945.71-73 should have been granted by the trial court.[38]

The State did not file a responsive brief and, on July 21, 2020, the Supreme Court of Ohio declined to accept jurisdiction.[39]

Application to re-open the appeal

While the direct appeal was pending, Williams, *pro se*, filed an application on March 5, 2020 under Ohio Appellate Rule 26(B) to re-open his appeal.[40]In his memorandum in support Williams claimed his appellate counsel was ineffective for failing to raise five claims on appeal:

1.     Trial court abused its discretion by denying defendant-appellant's motion to dismiss where defendant-appellant's rights to have a speedy trial as implemented by the [*sic*] Ohio Revised Code §2945.71-73 was violated [in] that defendant-appellant was entitled to be discharged from jail.

2.     Defendant-appellant's conviction for drug trafficking under counts one, two and three and under count six of [*sic*] possession of criminal tools was not proven beyond a reasonable

---

[38] *Id*. at 202.
[39] *Id*. at 230.
[40] *Id*. at 231.

doubt because there was insufficient evidence to sustain a conviction for drug trafficking and the conviction was against the manifest weight of the evidence.

3.      Trial court abused its discretion by allowing the [*sic*] State's exhibit No. 1 [to] be admitted into evidence when defendant-appellant objected to it and State agreed that the exhibit would not be admitted into evidence not would the audio of the first phone call would not [*sic*] be admitted or introduced into evidence.

4.      Defendant-appellant's conviction for drug trafficking in cocaine was against the manifest weight of the evidence concerning the informant's credibility to testify truthfully.

5.      Trial court's sentencing entry is contrary to the sentencing transcripts and requires a resentencing hearing because part of his sentence is contrary to law.[41]

The State did not file a responsive brief. On May 4, 2020, the Ohio appeals court denied Williams' application to re-open, noting that under the *Strickland* standard for ineffective assistance of counsel, none of the issues raised presented a situation where, but for the ineffective assistance of counsel in not raising these issues on appeal, the result of the proceeding would have been any different.[42]

On June 2, 2020, Williams, *pro se*, filed a timely notice of appeal with the Supreme Court of Ohio.[43] In his memorandum in support of jurisdiction Williams raised a single proposition of law:

---

[41] *Id*. at 231. Williams subsequently filed a motion to amend his Rule 26(B) application to include a copy of a prior appellate court decision. *Id*. at 273. The record does not show that this motion was adjudicated.
[42] *Id*. at 291-92.
[43] *Id*. at 293.

1.      Appellant's 26(B) [application] to reopen his direct appeal should have been granted, for appellate counsel raised assignments of error that was [*sic*] meritless depriving appellant of the effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution.[44]

On August 18, 2020, without any responsive filing from the State, the Ohio Supreme Court declined to accept jurisdiction of the appeal.[45]

Post-conviction petition

On April 2, 2020, Williams, *pro se*, filed a petition in the trial court alleging that his first trial attorney was ineffective for abandoning him, and that both his trial attorneys were ineffective for failing to subpoena and interview witnesses.[46]The trial court denied the petition, finding that all the claims are barred by *res judicata*.[47]Williams timely filed an appeal.[48]On April 19, 2021, the Ohio appeals court affirmed the judgment of the trial court.[49]On May 5, 2021, Williams timely appealed to the Supreme Court of Ohio.[50]On July 20, 2021, the Ohio Supreme Court declined to accept jurisdiction.[51]

Ohio Crim. R. 52(B) motion

On July 22, 2020, Williams filed an Ohio Criminal Rule 52(B) motion in the trial court, claiming an unnoticed plain error in his sentencing.[52]The trial court denied the motion,[53] and

---

[44] *Id*. at 297.
[45] *Id*. at 307.
[46] *Id*. at 479.
[47] *Id*.
[48] *Id*. at 446.
[49] *State v. Williams*, 2021 WL 1525260.
[50] ECF No. 19, at 3 (citing record).
[51] Ohio Supreme Court Case No. 2021-0582.
[52] See, ECF No. 17, Attachment at 983-4.
[53] *Id*.

Williams appealed.[54]On February 11, 2021, the Ohio appeals court dismissed the appeal for want of jurisdiction, finding that a motion under Crim Rule 52(B) is only proper on direct appeal and is not available, as Williams purported to use it, well after direct appeal as a free-standing method to challenge his sentence.[55]The court reasoned that because the motion, as filed, was legal nullity, the judgment denying the motion was also a legal nullity and not a final appealable order that could be reviewed by the appeals court.[56]

Federal habeas petition

While the post-conviction proceedings were pending, Williams, *pro se*, timely[57] filed the present petition for federal habeas relief by placing his petition into the prison mail system[58] on September 22, 2020.[59]In the petition, Williams raises seven grounds for habeas relief:

1. Speedy trial violations/ and Due Process violation of the 6th and 14th Amendments to the United States Constitution.

2. Ineffective assistance of counsel of both the first court-appointed counsel and the second court-appointed counsel, in violation of the petitioner's [rights under the] 6th and 14th Amendments of the United States Constitution.

3. Due Process violations of the 6th and 14th Amendments to the United States Constitution when the trial court imposed a sentence in its sentencing hearing that's contrary to

---

[54] *Id*. at 985-86.
[55] *Id*. at 989-90.
[56] *Id*.
[57] A petition is timely if, *inter alia*, it is filed with one year after the state direct review proceedings are concluded. 28 U.S.C. § 2254 Here, as noted above, the direct appeal was concluded on July 21, 2020.
[58]See, *Houston v. Lack*, 487 U.S. 266, 270 (1988).
[59] ECF No. 1.

the sentence imposed at the sentencing hearing [sic] of 120 months, instead the sentencing entry imposes 84 months.

4.    Petitioner's conviction and sentence of 18 months for possession of cocaine where the purity of the cocaine weighed less than five grams, and the sentence was contrary to law, which petitioner was not convicted under the Due Process Clause of the 6th and 14th Amendments of the United States Constitution.

5.    Trial court failed to prove beyond a reasonable doubt that petitioner was guilty of drug trafficking on at least two of the drug buys involving counts one and two of the indictment.

6.    The trial court abused its discretion for allowing the informant to testify untruthfully when the informant proved she was not a credible witness on many of the drug buys.

7.    Appellate counsel on direct appeal proved to be ineffective appellate counsel and did not meet the objective standard of reasonableness as guaranteed by the 6th Amendment to the United States Constitution.[60]

As noted, the State filed a return of the writ,[61] to which Williams filed a traverse.[62] After moving for leave to amend the traverse related to Ground One by including in the record various entries by the trial court,[63] Williams received permission to do so only to that extent, with the submitted exhibits deemed to be the amendment sought.[64]

Pending motions

---

[60] *Id*. at 7, 10-11, 13, 16, 18-21.
[61] ECF No. 9.
[62] ECF No. 14.
[63] ECF No. 15.
[64] ECF No. 16.

After proceedings in this matter were re-instated subsequent to being stayed while the Ohio courts resolved Williams' Crim. Rule 52(B) motion to the trial court,[65] the State filed a supplemental return of the writ containing the state court record concerning the proceedings that occurred during the stay.[66] The State also filed a brief related to that supplement.[67] Williams thereupon sought leave to file a supplemental traverse[68] and/or to dismiss or in the alternative object to the State's supplemental return.[69] He then filed a supplemental traverse purporting not to add any additional claims, but states that, if the motion to supplement were granted, grounds three and four in the petition would become grounds four and five in the traverse.[70] The State objected to the motion to supplement the traverse.[71] Williams filed a response.[72]

While the claims raise in the petition will be examined below, the pending motions related above will be addressed now.

To that end, the supplemental return of the writ by the State appears to solely be for the purpose of supplementing the state court record with the proceedings that occurred while this matter was stayed. As such, there is nothing objectionable in such a supplement. Indeed, it directly relates to and supplements the initial show cause order[73] which requires the State to supply this Court with copies of "post-conviction proceedings as the Attorney General may deem relevant."[74] That Order was not abrogated when the State filed the initial return but remained in

---

[65] ECF Nos. 16, 17.
[66] ECF Nos. 17, 19.
[67] ECF No. 19.
[68] ECF No. 18.
[69] ECF No. 20.
[70] ECF No. 18 at 1534.
[71] ECF No. 21.
[72] ECF Nos. 22, 23.
[73] ECF No. 5.
[74] *Id*. at 2.

effect as to subsequent post-conviction proceedings that were not part of the record at the time the initial return was made.

Accordingly, Williams' objection to the State's fulfillment of its duties under this Order is wholly without merit. Further, his attempt to supplement the traverse simply because the State was required to provide additional state court records is also without merit. As noted, the supplemental return by the state is documentary not argumentative, and so invites no argumentative response.

Moreover, as the State correctly notes, a traverse is not the vehicle for raising new claims.[75]

Finally, the entire supplemental return concerns the record developed during Williams' unsuccessful attempt to attack his sentence by means of an Ohio Crim. Rule 52(B) motion – an action the Ohio appeals court described as a legal nullity. Therefore, not only is this state court decision on a question of state law binding on the federal habeas court[76] – and so precludes any potential claim here by Williams based on the substance of the motion – but even if there were an error by the state court during this state post-conviction proceeding, errors in such state post-conviction proceedings are non-cognizable in a federal habeas action.[77]

Thus, for the reasons stated, I recommend denying both Williams' motion to supplement his traverse[78] and his motion to dismiss and/or object to the State supplemental return of the writ.[79]

**Analysis**

Preliminary observations

---

[75] *Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005).
[76] *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (citations omitted).
[77] *Roe v. Baker*, 316 F.3d 557, 571 (6th Cir. 2002).
[78] ECF No. 18.
[79] ECF No. 20.

Before proceeding further, I make the following preliminary observations:

1.      There is no dispute that Williams is in the custody of the State of Ohio as a result of the convictions and sentences by an Ohio court that are the subject of this petition,[80] and that he was so incarcerated at the time this petition was filed, thus vesting this Court with jurisdiction.[81]

2.      There is also no dispute, as detailed above, that the petition was timely filed under the applicable statute.[82]

3.      In addition, as Williams states in the petition,[83]and as my own review of the docket of this Court confirms, this petition is not a second or successive petition for federal habeas relief arising from these convictions and sentences.

4.      Further, as has also been detailed above, all claims here have been exhausted by reason of having been presented to Ohio courts with no further review possible.

5.      Finally, although Williams has requested an evidentiary hearing in his petition,[84] no grounds exist for such a hearing. Specifically, as to the only claim that is neither non-cognizable nor procedurally defaulted – *i.e.*, the portion of Ground Two and Ground Seven alleging ineffective assistance of appellate counsel - was adjudicated against Williams on the merits by the state court. As such, the holding of the Supreme Court in *Cullen v. Pinholster*[85] states that when the state appeals court has adjudicated the petitioner's claim against him on the merits, the federal habeas

---

[80] See, www.drc.ohio.gov/offendersearch
[81] 28 U.S.C. § 2254(a).
[82] 28 U.S.C. § 2254(d)(1).
[83] ECF No. 1 at 22.
[84] *Id*. at 26.
[85] 563 U.S. 170 (2011).

court "is limited to the record that was before [that] state court …."[86]Accordingly, I recommend that Williams' request for an evidentiary hearing be denied.

Recommended dispositions

*Grounds Three (alleged sentencing error), Four (alleged sentencing error), and Six (alleged error in allowing informant to testify) should be dismissed as non-cognizable*

As is well-established, alleged errors by a state court in interpreting and/or applying state law and procedures are non-cognizable in federal habeas proceedings.[87]Simply put, the federal habeas court does not act as an additional state appeals court to review a state court's interpretation of its own law or procedure.[88]Further, and specifically as to sentencing, a claim that the trial court violated state law in sentencing the defendant is not cognizable in a federal habeas proceeding.[89]

That rule, as it applies in matters of consecutive sentencing, was re-stated by the Supreme Court which held that the imposition of consecutive sentences, when otherwise authorized by statute, raises only non-cognizable issues of state law.[90]

Further, as to evidentiary rulings, such as the decision here to allow the informant to testify, these actions by the trial court are generally not a matter for federal habeas review.[91]Such alleged errors warrant federal habeas review only when the purported violation is so egregious that it results in the denial of fundamental fairness.[92]In this regard, the Sixth Circuit has further held that a habeas petitioner's challenge to an evidentiary ruling cannot succeed unless the petitioner

---

[86] *Id.* at 180.
[87] *Simpson v. Jones*, 238 F.3d 399, 406-07 (6th Cir. 2000) (citations omitted).
[88] *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987) (citation omitted).
[89] *Howard v. White*, 76 Fed. Appx. 52, 53 (6th Cir. 2003) (citation omitted).
[90] *Oregon v. Ice*, 555 U.S. 160 (2009).
[91] *Pulley v. Harris*, 465 U.S. 37, 41 (1984).
[92] *Walker v. Engle*, 703 F.2d 959, 962 (6th Cir. 1983) (citations omitted).

identifies a United States Supreme Court case establishing a due process right with regard to the specific evidence at issue.[93]

Here, Williams' claim is that the trial court abused its discretion in admitting the testimony of the informant because the informant was not a credible witness. In the first place, claims of abuse of discretion do not state a constitutional violation.[94]Moreover, issues involving a witness's credibility also generally do not rise to the level of a constitutional violation, but are reserved to the trier of fact.[95]Finally, and as the Sixth Circuit observed in *Stewart*, Williams has not identified a holding of the United States Supreme Court that founded habeas relief on a due process violation arising from the testimony of a witness whose credibility was sufficient for the trier of fact but was later put at issue by the habeas petitioner.

Accordingly, for the above-stated reasons, I recommend that Grounds Three, Four and Six be dismissed as non-cognizable.

*Ground One (speedy trial/fail to journalize), portion of Ground Two (ineffective assistance of trial counsel), and Ground Five (insufficient evidence to support conviction on counts one and two of the indictment) should be dismissed as procedurally defaulted.*

As is evident from the procedural history recounted above, Williams raised only two assignments of error on direct appeal – (1) that the trial court erred by not granting a continuance for counsel to review new evidence and (2) that the trial court erred by imposing maximum, consecutive sentences.[96]He first attempts to assert the claims of Ground One (speedy trial/fail to

---

[93] *Stewart v. Winn*, 967 F.3d 534, 538 (6th Cir. 2020) (citation omitted).
[94] *Stanford v. Parker*, 266 F.3d 442, 459 (6th Cir. 2001).
[95] *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009) (citation omitted).
[96] ECF No. 9, Attachment at 223.

journalize) and Ground Two (ineffective assistance of trial counsel) as new claims in: (1) his brief in support of jurisdiction to the Ohio Supreme Court as part of direct appeal (Ground One)[97] and (2) his post-trial motion for an evidentiary hearing (Ground Two).[98]   The claim of Ground Five – insufficient evidence – was first indirectly asserted in Williams' Rule 26(B) application to reopen his appeal.[99]The claim itself was that his appellate counsel was deficient for not raising the issue that the conviction was not supported by sufficient evidence.

In response, the claim of ineffective assistance of trial counsel (Ground Two) was opposed by the State as barred by *res judicata* since the appropriate time to raise the issue of ineffective assistance of trial counsel is on direct appeal.[100] The motion was denied by the trial court without explanation.[101]The claim of a speedy trial violation (Ground One) was raised for the first time in the direct appeal to the Ohio Supreme Court which, as detailed earlier, declined jurisdiction without an opinion.[102]The claim in Ground Five – insufficient evidence - raised for the first time in the Rule 26 (B) application to reopen the appeal as a claim that appellate counsel was ineffective for not raising the issue was denied by the Ohio appeals court as not well taken.[103]

I note first that Ground Two was explicitly opposed the first time it was raised as barred by *res judicata*. However, the decision rejecting the claim did not provide an explanation for the rejection. In that situation, where the state court did not address the merits of the claim but denied it, without an opinion, after it was opposed on the grounds that it was barred by *res judicata*, the

---

[97] *Id*. at 230.
[98] ECF No. 10, at 791.
[99] ECF No. 9, Attachment at 239.
[100] ECF No. 10 at 925.
[101] *Id*. at 930.
[102] ECF No. 9, Attachment at 230.
[103] *Id*. at 291-92.

state court is presumed to have recognized and applied its own procedural rule.[104]*Res judicata* is also recognized as an adequate and independent state law ground to foreclose federal habeas relief.

Next, I further note as to Ground One, which was raised for the first time to the Ohio Supreme Court on direct appeal, that the Ohio Supreme Court does not review issues raised there for the first time.[105]Finally, the claim of insufficient evidence raised as an assertion that appellate counsel was ineffective for not raising that underlying argument, does not suffice to fairly present the claim of insufficient evidence to the Ohio court.[106]Again, the Ohio Supreme Court rule precluding consideration of issues raised to it for the first time in the direct appeal is also an adequate and independent state law ground.

In all the above instances – *res judicata*, the Ohio Supreme Court rule against considering issues not previously asserted in the appeals court and the inability to preserve an issue for federal habeas consideration by appending to a claim of ineffective assistance of appellate counsel – the claims here are precluded by Williams' failure to fairly present his claim to the Ohio courts when such claim could be heard. In particular, in all these instances Williams failed to present his claim at the earliest opportunity. Failure to fairly present a claim at the earliest opportunity has long been acknowledged to constitute a procedural default that waives or bars consideration of that claim by the federal habeas court.[107]

As detailed by the Sixth Circuit in *Maupin v. Smith*,[108] a four-part test is employed to determine if consideration of a federal habeas claim is barred by procedural default. Essentially,

---

[104] *Simpson v. Sparkman,* 94 F.3d 199, 202-03 (6th Cir. 1996) (citations omitted).
[105] *Leroy v. Marshall*, 757 F.2d 94, 99 (6th Cir. 1985).
[106] *Davie v. Mitchell*, 547 F.3d 297, 311-12 (6th Cir. 2008) (citations omitted).
[107] *Rust v. Zent*, 17 F.3d 155, 161 (6th Cir. 1994).
[108] 785 F.2d 135 (6th Cir. 1986).

that test is: (1) is there a state procedural rule applicable to the petitioner's claims; (2) did the state enforce that rule; (3) is the rule an adequate and independent state law basis on which the state may rely to preclude consideration of the claim; and (4) can the petitioner show cause for not following the rule and prejudice from the purported constitutional error.[109]Cause means some objective factor external to the petitioner[110] and prejudice means that, but for the alleged error, the petitioner might not have been convicted.[111]

As to the procedural defaults here, the preceding discussion deals with the existence of the relevant procedural rules, the application to Williams of the failure to observe such rules and the status of the applicable rules as adequate and independent state law grounds. Next, Williams cannot show cause for failing to raise Grounds One (speedy trial), Two (ineffective assistance of trial counsel) and Five (insufficient evidence) on direct appeal. While ineffective assistance of appellate counsel may serve as cause in such a situation, it cannot so serve here, since the Ohio appeals court found, as will be further discussed below, in adjudicating the Rule 26(B) application, that there was no ineffective assistance of appellate counsel under the *Strickland* test.[112]

For the above reasons, I recommend dismissing Grounds One, a portion of Two and Five as procedurally defaulted.

*A portion of Ground Two and all of Ground Seven -ineffective assistance of appellate counsel – should be denied on the merits because the decision of the Ohio court in this regard was not an unreasonable application of the clearly established federal law of Strickland v, Washington.*

---

[109] *Reynolds v. Berry*, 146 F.3d 345, 347, (6th Cir. 1988) (citation omitted).
[110] *Coleman v. Thompson*, 501 U.S. 722, 753 (1991).
[111] *Reed v. Ross*, 486 U.S. 1 (1984).
[112] ECF No. 9, Attachment at 291-92.

In a portion of Ground Two and in Ground Seven, Williams contends that he was denied the effective assistance of appellate counsel. As is well-established, effective assistance of appellate counsel is guaranteed by the Due Process Clause of the Fourteenth Amendment.[113] Further, claims of ineffective assistance of appellate counsel are reviewed[114] according to the well-known two-part standard set forth in *Strickland v. Washington*.[115] That test states that: (1) a claimant show that counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for the alleged unprofessional conduct, the result of the proceeding would have been different.[116] Both elements of the test must be met.[117]

Further, both the *Strickland* test itself and the review by the federal habeas court under § 2254 of the state court's application of that test are both highly deferential.[118] That said, it is well-established that appellate counsel does not have a constitutional duty to raise every issue requested by the appellant.[119] Stated differently, appellate counsel cannot be deemed ineffective for failing to raise non-meritorious claims.[120]

Here, the Ohio appeals court evaluated Williams' claims of ineffective assistance of appellate counsel under the appropriate *Strickland* standard.[121] Relying on the prejudice portion of that test, the appellate court concluded that "there is no reasonable probability that, but for the

---

[113] *Evitts v. Lucey*, 469 U.S. 387, 391-405 (1985) (citations omitted).
[114] *Haliym v. Mitchell*, 492 F.3d 680, 694 (6th Cir. 2007).
[115] 466 U.S. 668 (1984).
[116] *Id*. at 687-94.
[117] *Id.* at 687.
[118] *Id*. at 689.
[119] *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983).
[120] *Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir. 2010) (citation omitted).
[121] ECF No. 9, Attachment at 291.

alleged ineffective assistance of appellate counsel in failing to raise these additional issues, the result of the proceeding would have been any different."[122]

Thus, under the double deference accorded to both the presumption that appellate counsel acted reasonably and the deference due to the decision of the Ohio appeals court, I recommend denying on the merits that portion of Ground Two concerning appellate counsel, and all of Ground Seven, since Williams has not shown that the decision of the Ohio appeals court in this regard was an unreasonable application of the clearly established federal law of *Strickland*.

## Conclusion

Therefore, for the reasons stated above, I recommend that the petition of Joshua Williams for a writ of habeas corpus be dismissed in part and denied in part, as is more fully detailed above. I further recommend, for the reasons stated above, that all pending motions be denied as is more fully discussed above.

Dated: 08/19/22

s/ William H. Baughman, Jr.
United States Magistrate Judge

---

[122] *Id.*

**NOTICE REGARDING OBJECTIONS**

Any party may object to this Report and Recommendation.  To do so, you must serve and file your objections with the Clerk of Court within 14 days after being served with this Report and Recommendation.  If this document is being served on you by mail, service by mail is complete when the document is mailed, not when you receive it.  If you fail to serve and file your objections within this 14-day time period, you forfeit your rights on appeal, absent a showing of good cause for such failure.