**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| JOSHUA D. WILLIAMS, | ) | CASE NO. 3:20-cv-02187 |
| | ) | |
| Petitioner, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN KEITH FOLEY, | ) | |
| | ) | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | ) | |

This matter is before the Court on the Notice of Reconsideration (R. 28), which the Court construes as a Motion, filed by Petitioner Joshua D. Williams, *pro se*. Petitioner filed a multi-claim petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 28, 2020. (R. 1). On December 28, 2020, Respondent Warden Keith Foley filed the Return of Writ (R. 9), and subsequently filed two Supplements to the Return (R. 10; R. 17). On February 26, 2021, Petitioner filed the Traverse to the Return. (R. 14).

On August 19, 2022, the Magistrate Judge issued his Report and Recommendation (R&R) that (1) recommended the Court deny Petitioner's Motion to supplement the Traverse (R. 18) and his Motion to dismiss Respondent's second Supplement to the Return (R. 20), and (2) considered each of Petitioner's claims in the petition and recommended the Court dismiss part of the petition as procedurally defaulted and/or non-cognizable and deny the remainder of the underlying petition. (R. 25, PageID# 1668). Since Petitioner did not file an objection on or

before the deadline stated in the R&R, in its Memorandum Opinion and Order dated September 29, 2022, the Court applied a clear error standard when reviewing the R&R. (R. 26, PageID# 1689–1690). Finding none, the Court adopted the R&R, denied Petitioner's two pending motions, and dismissed or denied the entirety of the petition. (*Id.*, PageID# 1690). The Court entered a Judgment terminating and dismissing the case as final. (R. 27).

On October 17, 2022, Petitioner filed the instant Motion for Reconsideration of the Court's Memorandum Opinion and Order and Judgment Entry. (R. 28). Respondent subsequently filed a response to the Motion, and Petitioner filed a reply. (R. 29; R. 30).

Petitioner also filed a Notice of Appeal of the Court's Memorandum Opinion and Order and Judgment Entry dismissing the action. (R. 31). The Sixth Circuit remarked that Petitioner's appeal will be held in abeyance until this Court rules on Petitioner's pending Motion for Reconsideration. (R. 32).

## I. Discussion

Although motions for reconsideration are not specifically mentioned in the Federal Rules of Civil Procedure, the Sixth Circuit has explained that these motions are often treated as motions to alter or amend a judgment under Rule 59(e). *McDowell v. Dynamics Corp. of Am.*, 931 F.2d 380, 382 (6th Cir. 1991) (*citing Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir. 1979)); *see also Holcomb v. Wilson*, 2008 WL 2796584, at *1 (N.D. Ohio July 18, 2008). A court may grant a motion to amend or alter a judgment if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999); *see also Solar X Eyewear, LLC v. Bowyer*, 2011 WL 3921615, at *1 (N.D. Ohio Sept. 7, 2011). Such a motion is extraordinary and sparingly granted. *Bowyer*, 2011 WL 3921615, at *1.

The Sixth Circuit has also explained that a motion for reconsideration may be construed as a motion pursuant to Rule 60 for relief from judgment. *See Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998) (*citing Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991), *cert. denied*, 506 U.S. 828 (1992)). However, the standard for granting a Rule 60 motion is "significantly higher" than the standard applicable to a Rule 59 motion, since a Rule 60 motion can only be granted for certain specified reasons: (i) mistake, inadvertence, surprise, or excusable neglect; (ii) newly discovered evidence; (iii) fraud, misrepresentation, or other misconduct by an opposing party; (iv) the judgment is void; (v) the judgment has been satisfied, released, or discharged; or (vi) any other reason that justifies relief. *Id.*; Fed. R. Civ. P. 60(b).

In the instant Motion, Petitioner informs the Court that he has never received the Magistrate Judge's R&R, which is the reason he did not file an objection. (R. 28, PageID# 1693–1694, 1696). According to Petitioner, he only became aware of the R&R—and the Court's subsequent Memorandum Opinion and Order and Judgment Entry terminating the case—on September 30, 2022, after searching on LexisNexis. (*Id.*, PageID# 1696). Petitioner says that even now he has still not received a hardcopy of the R&R in the mail. (*Id.*). All of this, Petitioner argues, establishes "good cause" for his failure to timely object to the R&R. (*Id.*, PageID# 1697). Although Respondent disputes some details in Petitioner's Motion, Respondent does not oppose Plaintiff being granted relief for allegedly never receiving a hardcopy of the R&R. (R. 29, PageID# 1709).

Although the magistrate judge filed a remark on the docket on August 19, 2022, indicating that a hardcopy of the R&R had been mailed to Petitioner at Grafton Correctional

Institution[1]—indeed, to the same address that the Court has previously sent all hardcopies of Court documents published to the electronic docket—the Court will proceed as though Petitioner never received a hardcopy of the R&R and was not aware of it or the Court's subsequent Order and Judgment until September 30, 2022.

As a result, the Court will mail to Petitioner another hardcopy of the R&R along with a hardcopy of this Order, and will re-open the time for Petitioner to file objections to the R&R until no later than December 12, 2022. The Court, however, denies without prejudice Petitioner's Motion for Reconsideration. To the extent that Petitioner's Motion for Reconsideration could be construed liberally to allege an objection to the R&R, the Court will not consider it, but instructs that if Petitioner elects to file objections pursuant to this Order, Petitioner must include all his objections to the R&R in his new filing. The Court will only consider timely objections that Petitioner asserts in the new filing. Finally, the Court sets the below briefing schedule.

## II. Conclusion

For the foregoing reasons, Petitioner's Motion for Reconsideration (R. 28) is hereby DENIED without prejudice.

Pursuant to this Order, if Petitioner elects to object to the R&R, he shall file objections to the R&R on or before December 12, 2022. Since the Court denies without prejudice the Petitioner's Motion for Reconsideration, when reviewing Petitioner's objections, if any are

---

[1] Even though Respondent suggests in its response that Petitioner had at one point been moved to Chillicothe Correctional Institution, Petitioner disputes that this ever happened, and the Court is unaware of any information on the docket or elsewhere indicating such a transfer. (R. 29, PageID# 1708; R. 30, PageID# 1713); *see also Offender Details*, Ohio Dep't of Rehab. & Corr., https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A762933 (last visited Nov. 17, 2022). For the purposes of this Motion, the Court accepts that Petitioner has been at Grafton Correctional Institution since 2019—that is, prior to Petitioner filing the instant petition for a writ of habeas corpus. (R. 1; R. 30, PageID# 1713).

subsequently filed pursuant to this Order, the Court will only consider objections that the Petitioner raises in the new filing. Therefore, to the extent that Petitioner may have alleged an objection to the R&R in the instant Motion for Reconsideration, Petitioner must fully assert those arguments in his new filing, along with any other objections he may have to the R&R. Respondent shall file a response to Petitioner's objections on or before January 3, 2023. Petitioner shall file a reply to Respondent's response on or before January 24, 2023.

    IT IS SO ORDERED.

Date: November 21, 2022                                        s/ *David A. Ruiz*
                                                              David A. Ruiz
                                                              United States District Judge