**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| JOSHUA D. WILLIAMS, | ) CASE NO. 3:20-cv-02187 |
| | ) |
| Petitioner, | ) JUDGE DAVID A. RUIZ |
| | ) |
| v. | ) |
| | ) |
| WARDEN KEITH FOLEY, | ) |
| | ) **MEMORANDUM OPINION AND ORDER** |
| Respondent. | ) |

This matter is before the Court on the Report and Recommendation of Magistrate Judge William H. Baughman, Jr. (R. 25).[1] Petitioner Joshua D. Williams, *pro se*, filed a multi-claim petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (R. 1). Respondent Warden Keith Foley filed the Return of Writ (R. 9), and subsequently filed two Supplements to the Return (R. 10; R. 17). Petitioner filed the Traverse to the Return. (R. 14).

The Magistrate Judge's Report and Recommendation (R&R) recommended the Court deny Petitioner's then-pending Motion to supplement the Traverse (R. 18) and Motion to dismiss Respondent's second Supplement to the Return (R. 20). It further considered each of Petitioner's claims in the petition and recommended the Court dismiss part of the petition as procedurally defaulted and/or non-cognizable and deny the remainder of the underlying petition. (R. 25, PageID# 1668). Since Petitioner did not file an objection on or before the deadline stated in the R&R, the Court applied a clear error standard when reviewing the R&R in its Memorandum Opinion and Order dated September 29, 2022. (R. 26, PageID# 1689–1690). Finding none, the

---

[1] This case was referred to the magistrate judge pursuant to Local Rule 72.2.

Court adopted the R&R, denied Petitioner's two pending motions, and dismissed or denied the entirety of the petition. (*Id.*, PageID# 1690). The Court entered a Judgment terminating and dismissing the case as final. (R. 27).

Petitioner filed a Motion for Reconsideration of the Court's Memorandum Opinion and Order and Judgment Entry, on October 17, 2022, explaining that his failure to file an objection to the R&R was the result of not receiving a hardcopy of the R&R in the mail. (R. 28). In a Memorandum Opinion and Order dated November 21, 2022, the Court denied Petitioner's Motion, but reopened the time period for Petitioner to file objections to the R&R. (R. 33, PageID# 1742–1743). On December 8, 2022, Petitioner filed Objections to the R&R (R. 37). Following Respondent's response to the Objections (R. 40) and Petitioner's subsequent reply (R. 41), the matter is ripe for the Court's review.

## I. Standard of Review

When a magistrate judge submits a Report and Recommendation, the Court is required to conduct a *de novo* review of those portions of the Report to which an objection has been made. Fed. R. Civ. P. 72(b)(3); Local Rule 72.3(b). However, "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *accord Austin v. Comm'r of Soc. Sec.*, 2021 WL 1540389, at *4 (N.D. Ohio Apr. 19, 2021) (finding that a general objection that merely restates an argument previously presented or simply voices a disagreement with a magistrate judge's suggested resolution "has the same effects as would a failure to object" (citation omitted)). The text of Federal Rule of Civil Procedure 72(b)(3) addresses only the review of reports to which objections have been made, but does not specify any standard of review for those reports to which no objections have lodged. The Advisory Committee on Civil

Rules commented on a district court's review of unopposed reports by magistrate judges. In regard to subsection (b) of Rule 72, the Advisory Committee stated: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 Advisory Committee's notes (*citing Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879)).

## II. Discussion

Petitioner presents many objections to the R&R that amount to a general disagreement with the Magistrate Judge's conclusions, which the Court interprets as a general objection. As a result, the Court applies the clear error standard, finds none, and agrees with the findings set forth in the R&R. In addition, the Court proceeds to address some of Petitioner's specific arguments in an effort to further explain to Petitioner the Court's rulings.

First, the R&R recommended that three of Petitioner's grounds for relief—involving alleged sentencing errors as well as an alleged error in allowing an informant to testify at his trial—be dismissed as non-cognizable. (R. 25, PageID# 1680–1681). Petitioner objects to this conclusion, arguing that these grounds for relief are cognizable because they were raised in the context of a claim of ineffective assistance of counsel. (R. 37, PageID# 1757). However, Petitioner did not raise these grounds for relief in the context of ineffective assistance of counsel in his habeas petition; rather, Petitioner presented this argument for the first time in his Objections to the R&R. (R. 1, PageID# 12–20). Therefore, these issues are not properly before the Court and the Court declines to address these requests for relief in the context of ineffective assistance of counsel. *See Jalowiec v. Bradshaw*, 657 F.3d 293, 311–12 (6th Cir. 2011) (holding that the district court properly declined to address grounds for relief that were not asserted in the

3

petitioner's habeas petition).

Second, the R&R concluded that Petitioner's grounds for relief based on a speedy trial argument should be dismissed as procedurally defaulted, since Petitioner did not present this claim at the earliest opportunity in state court. (R. 25, PageID# 1681–1684). Specifically, the R&R found that Petitioner first presented his speedy trial claim in the direct appeal to the Ohio Supreme Court. (R. 25, PageID# 1682). Petitioner's Objections contend that the R&R overlooked the fact that the speedy trial claim was presented at an earlier instance, when Petitioner filed an Application for Reopening his appeal pursuant to Ohio Rule of Appellate Procedure 26(B). (R. 37, PageID# 1752–1753). Petitioner is correct that he raised a speedy trial argument in his 26(B) Application (R. 9-1, PageID# 339); however, this was still not the earliest opportunity that Petitioner could have raised the claim, meaning that the R&R correctly determined that this claim for relief was procedurally defaulted. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994) ("[Petitioner] is barred from presenting his constitutional claims to the state courts because he had the opportunity to raise the issues during the course of his direct appeal but failed to do so." (*citing State v. Roberts*, 437 N.E.2d 598, 601 (Ohio 1982))); *see also Taylor v. LaRose*, 2019 WL 2020929, at *3 (N.D. Ohio May 8, 2019) (holding as procedurally defaulted grounds for relief that were not raised on direct appeal and first appeared in petitioner's untimely Rule 26(B) application).

Finally, Petitioner appears to argue that because the Magistrate Judge issued an order on August 24, 2021, granting Petitioner's motion to stay and abate the proceedings until September 24, 2021, "so that various pending state court proceedings may be finally adjudicated," the R&R erred when recommending the denial of multiple of Petitioner's grounds for relief. (R. 37, PageID# 1758–1759; R. 16, PageID# 1343–1346). Petitioner seems to contend that the granting

4

of the stay somehow precluded the R&R's findings. (R. 37, PageID# 1758–1759). However, the Court cannot conclude that the R&R erred with respect to the Magistrate Judge's prior stay order.

The Magistrate Judge's order merely granted a limited stay so that various state court proceedings related to the petition could be finally adjudicated and exhausted. (R. 16, PageID# 1343–1346). As the R&R noted, the proceedings were "re-instated subsequent to being stayed," and the claims had been exhausted. (R. 25, PageID# 1677, 1679). In other words, the Magistrate Judge granted a stay so that Petitioner could exhaust his claims, those claims were exhausted, and the case was re-instated. The granting of the stay, while beneficial to Petitioner's claims because it allowed for their exhaustion, did not obligate the Magistrate Judge to draw conclusions favorable to Petitioner in the R&R. Additionally, the R&R, consistent with the stay order and the exhaustion of Petitioner's claims, did not recommend the denial or dismissal of any of the claims in the petition—or the denial of the then-pending motions—on exhaustion grounds. (*Id.*, PageID# 1679–1686). Rather, the R&R made the following explicit preliminary observation before proceeding to the merits of Petitioner's claims: "[A]ll claims here have been exhausted by reason of having been presented to Ohio courts with no further review possible." (*Id.*, PageID# 1679). As a result, insofar as Petitioner's Objections contend that the R&R improperly recommended dismissal or denial of his grounds for relief on exhaustion grounds, that is simply untrue as a matter of the R&R's findings.

### III. Conclusion

The Magistrate Judge's Report and Recommendation (R. 25) is hereby ADOPTED. The Petition (R. 1) is hereby DISMISSED IN PART as procedurally defaulted and/or non-cognizable and the remainder is DENIED because the underlying state appellate court decision was not

5

contrary to the law, as further explained in the R&R. The matter is hereby DISMISSED.

Furthermore, a habeas petitioner is not entitled to a certificate of appealability as a matter of right but must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). While a petitioner need not demonstrate that he would ultimately prevail on the merits, a petitioner must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Petitioner fails to meet this standard.

For the reasons set forth in this decision, I certify there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

IT IS SO ORDERED.


Date: September 21, 2023          s/ *David A. Ruiz*
                                  David A. Ruiz
                                  United States District Judge